FILED

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0532

DA 22-0532

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 96N

MATTHEW G. MONFORTON,

Petitioner and Appellant,

v.

MICHAEL F. McMAHON,

Respondent and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-22-626B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Matthew G. Monforton, Self-Represented, Bozeman, Montana

For Appellee:

Stefan T. Wall, Wall, McLean & Gallagher, PLLC, Helena, Montana

Submitted on Briefs:  March 22, 2023

Decided:  May 23, 2023

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Monforton (Monforton) appeals from an Order issued on September 12, 2022, by the Eighteenth Judicial District Court denying Monforton's Motion for Summary Judgment and granting District Court Judge Michael F. McMahon's (Judge McMahon) Cross-Motion for Summary Judgment. We affirm.

¶3 On June 2, 2022, Monforton filed a complaint with the Commissioner of Political Practices (COPP) against Judge McMahon. Monforton alleged that Judge McMahon violated the Montana Code of Ethics. On that same day, the COPP dismissed the complaint based on its conclusion that the Code of Ethics did not apply to judges.

¶4 On June 27, 2022, Monforton filed a Petition for Judicial Review of a Final Agency Decision and a Motion for Summary Judgment.

¶5 On July 25, 2022, Judge McMahon filed a Cross-Motion for Summary Judgment.

¶6 On September 16, 2022, the District Court issued an Order denying Monforton's Motion for Summary Judgment and granting Judge McMahon's Cross-Motion for Summary Judgment. The court concluded that "state officers," subject to the code of ethics provided for in Article XIII, Section 4, of the Montana Constitution, did not include judges. Three inquiries led to the court's conclusion.

2

¶7 First, the District Court reviewed how the Montana State Legislature fulfilled its obligation to create a code of ethics pursuant to Article XIII, Section 4, of the Montana Constitution. The court noted that the Legislature complied by enacting the Code of Ethics at Title 2, chapter 2, part 1, MCA. Second, the court assessed the applicability of the Code of Ethics to judges. The court asked whether "public officer," held to the ethical requirements set forth in § 2-2-105, MCA, and defined as "any state officer and any elected officer of a local government" in § 2-2-102(9)(a), MCA, included judges. That question required the court to look at the definition of "state officer" to determine if it included judges.

¶8 Based on § 2-2-102(12), MCA, which defines "state officer" as "including all elected officers and directors of the executive branch of state government," the District Court concluded that judges were not in that definition and, therefore, that judges did not constitute "public officers" subject to the Code of Ethics. The court instead interpreted the aforementioned definitions as confining the applicability of the Code of Ethics to "legislators, public officers, and public employees[.]"

¶9 Third, the District Court evaluated the merits of Monforton's argument that the definition of "state officer" in § 2-2-102(12), MCA, should be read more expansively because the definition specifies only which individuals it "includes," and fails to exclude judges. The court did not find this argument persuasive because the legislature could have "easily" made the Code of Ethics applicable to judges but refrained from doing so.

¶10 The Montana Administrative Procedure Act (MAPA) governs judicial review of a final agency decision by the COPP. MAPA, § 2-4-704(2)(a)(i)-(vi), MCA, stipulates that

3

a reviewing court may reverse or modify an agency's decision "if substantial rights of the appellant have been prejudiced" because:

> (a) the administrative findings, inferences, conclusions, or decisions are:
> (i) in violation of constitutional or statutory provisions;
> (ii) in excess of the statutory authority of the agency;
> (iii) made upon unlawful procedure;
> (iv) affected by other error of law;
> (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

¶11 Under MAPA's provided framework, a district court reviews the agency's decision to determine whether the agency's findings of fact are clearly erroneous and whether its determinations of law are correct. This same standard of review applies to both the district court's review of the agency decision and this Court's review of the district court's decision. The interpretation of a statute is a question of law that is reviewed for correctness.

¶12 Monforton argues that district judges are "state officers" subject to the ethics code referenced in Article XIII, Section 4, of the Montana Constitution.[1] He acknowledges that the intent of the framers controls this Court's interpretation of a constitutional provision and that the plain meaning of the language often allows for the discernment of their intent. Where no definition is available to establish the plain meaning of the word or phrase at issue, Monforton suggests that we will consider the term to have its plain and ordinary meaning.

---

[1] Article XIII, Section 4, of the Montana Constitution mandates that the Legislature "provide a code of ethics prohibiting conflict between public duty and private interest for members of the Legislature and all state and local officers and employees."

¶13 From this truncated synopsis of this Court's approach to interpreting constitutional provisions, Monforton concludes that because the Montana Constitution does not define "state officers," the term must have its "ordinary, well-understood meaning," as provided by Black's Law Dictionary: "[a] person whose authority or jurisdiction extends to the general public or state as a whole, as distinguished from an officer whose authority and jurisdiction are confined to the limits of a political subdivision." *Black's Law Dictionary* (11th ed. 2019), 1309. He then states that courts in Montana and elsewhere have referred to judges who have statewide jurisdiction as "state officers," and posits that the plain meaning of "state officer" in Article XIII, Section 4, of the Montana Constitution must include district judges.

¶14 Monforton also asserts that "state officer" as used in the Code of Ethics includes district judges. In short, he contends that because Article XIII, Section 4, of the Montana Constitution directed the Legislature to create an ethics code applicable to all "state officers," and "state officers" in that provision must include district judges, then "state officers" as used in the Code of Ethics *must* also apply to district judges.

¶15 If possible, this Court will construe statutes in a manner that avoids constitutional interpretation. This case turns on the applicability of the Code of Ethics, enacted at Title 2, chapter 2, part 1, MCA, to district judges.[2]

---

[2] The 2023 Montana Legislature adopted two bills—SB 252, 2023 Mont. Laws ch. 440, and HB 412, 2023 Mont. Laws ch. 559—that amended certain sections of Title 2, chapter 2, MCA. We do not address the merits of those bills in this Opinion but rather interpret the statute as written at the time this action was filed.

5

¶16 Section 2-2-102(12), MCA, defines "state officer" as "including all elected officers and directors of the executive branch of state government." This Court interprets "state officer" as used in the Code of Ethics in the same way as COPP and the District Court— namely, that the Code of Ethics excludes district judges. Section 2-2-105, MCA, specifies that the Code of Ethics applies to "public officers," which "includes any state officer and any elected officer of a local government" pursuant to § 2-2-102(9)(a), MCA. District judges are not state officers under § 2-2-102(12), MCA. Consequently, district judges are not public officers under § 2-2-102(9)(a), MCA. It follows that district judges are not subject to the Code of Ethics under § 2-2-105, MCA.

¶17 We have determined that we can decide the merits of this appeal without ruling on the constitutionality of the applicability of the Code of Ethics. Because the constitutional arguments raised by Monforton are not necessary to the outcome of this appeal, we decline to address those issues.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19 The Order denying Monforton's Motion for Summary Judgment and granting Judge McMahon's Cross-Motion for Summary Judgment is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE
/S/ JAMES JEREMIAH SHEA